Reynolds, J.
The plaintiff on November 12, 1874, lost on Fulton street, Brooklyn, a valuable package of diamonds, and immediately advertised his loss in several papers, offering a reward of $1500, for the return of the diamonds to S. Casteel, 80 Fulton St., Brooklyn, or to a person named in New York city. This advertisement was kept in the papers till November 19, on which day the defendant sent a note to Casteel, enclosing a copy of the advertisement, and offering to assist the true owner in recovering the lost property. In pursuance of this note the plaintiff called upon the defendant and all further negotiations took place directly between them. After a satisfactory identification of the articles, the defendant offered to deliver them -to *55 the plaintiff, upon payment by him of the offered reward ; and plaintiff endeavored to obtain the property upon payment of $1000, but finally, induced, as he alleges, by certain threats, he paid to defendant the $1500, and received from him the property. Defendant was an attorney at law, and claimed .to be acting on behalf of a client, whose name he refused to disclose.
It is plain that in giving the plaintiff the information which he did, and in returning the property, the defendant was acting, whether for himself or a client, under the offer which had been made by the plaintiff ; it was an acceptance of the plaintiff’s proposition, and when the property was returned or offered upon payment of the reward, the contract was performed by defendant or his client, and the plaintiff would have been liable in a suit for the reward if he had not paid. He did pay it, and brings this action to recover it back. We do not see upon what principle he can succeed.
In making the payment he was only discharging the obligation of a contract which he had tendered, and which had been accepted and acted upon by defendant, or his client, it matters not which. The reward offered was a large one, but it was the plaintiff’s own proposition ; the money had become due, and there was nothing in the circumstances alleged by him to legally entitle him to any reduction. Nor do we think that the fact of the plaintiff’s being influenced by threats will enable him to recover back what he paid in discharge of his legal obligations.
We see nothing in the fact of the employment of a lawyer by the finder of the property to impeach his good faith, or impair his rights. This circumstance was severely criticised Upon the argument, but the risk attending the delivery to a stranger of articles of so great value, and the large amount of the reward offered, might well induce a prudent man to seek legal advice, so as to guard his rights and liabilities.
*56 We do not discover in the case any question of fact which should have been submitted to the jury. The case seems to have been properly disposed of, and the judgment should be affirmed with costs.
Neilsok, Ch. J., concurred.